IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SONDRA BREWER and CHARLES BREWER<br><br>Plaintiffs,<br><br>v.<br><br>PIMEFLIGHT AVIATION SERVICES, INC., FRONTIER AIRLINES INC., INC.;AMERICAN INTERNATIONAL GROUP INC.; DOES I-X., AND ANY OTHER JOINT TORTFEASORS<br><br>Defendants. | Civil No.: 25-1195<br><br><br>RE: TORT ACTION FOR NEGLIGENCE PURSUANT TO ARTICLE 1536 & 1540, 31 L.P.R.A §§ 10801, 10805.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**APPEAR NOW** the Plaintiffs, SONDRA BREWER and CHARLES BREWER through the undersigned counsel, and hereby state, allege, and request as follows:

### JURISDICTIONAL BASIS

1. This case is based upon diversity jurisdiction under 28 U.S.C. § 1332.

2. Plaintiffs are citizens of and domiciled in the state of Pennsylvania.

3. All Defendants are individuals, corporations, business entities, or partnerships who are citizens of Puerto Rico or of a state other than Pennsylvania.

4. The matter in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, thus vesting jurisdiction on this Honorable Court pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. § 1391, since the

events and acts or omissions giving rise to this claim occurred in this district.

## THE PARTIES

6. Plaintiff **SONDRA BREWER** (hereinafter "Sondra" and "Plaintiff") is of legal age, a citizen and domiciled in the state of Pennsylvania.

7. Plaintiff **CHARLES BREWER** (hereinafter "Charles") is of legal age, a citizen and domiciled in the state of Pennsylvania. He is Sondra's husband.

8. Defendant **PRIMEFLIGHT AVIATION SERVICES, INC.,** (hereinafter referred to as **"PrimeFlight"**) is a corporation with its principal place of business in Sugar Land, Texas. PrimeFlight provides passenger and travel services to Frontier passengers within Luis Muñoz Marín International Airport.

9. Defendant **FRONTIER AIRLINES, Inc** (hereinafter "Frontier" and "Frontier Airlines with its principal place of business in Colorado. Frontier Airlines operates commercial passenger aircraft and provides air transportation services.

10. Defendant **AMERICAN INTERNATIONAL GROUP, INC.** (hereinafter "AIG") is a corporation organized and/or operating under the laws of the Commonwealth of Puerto Rico, with its principal place of business in New York, New York. AIG provides insurance services, including aviation-related coverage, to its insureds, including Frontier Airlines.

11. Defendants **ABC INSURANCE COMPANIES** are corporations organized or operating under the laws of the Commonwealth of Puerto Rico, which insure one or more co-defendants for the acts and/or omissions described herein or that ensure the facilities and/or are liable for the injuries and damages sustained by Plaintiff Sondra.

12. Defendants **DOES I-X** are individuals, corporations, or entities that are citizens and domiciled in Puerto Rico or a state other than Pennsylvania who are unknown and are jointly and severally liable for Plaintiffs' damages.

## GENERAL ALLEGATIONS

13. Plaintiff, Sondra Brewer is a 53-year-old mother who resides in Coatesville, Pennsylvania, with her husband Charles.

14. Frontier Airlines is a well-known airline operating globally.

15. On April 18, of 2024, Sondra was a passenger on Frontier Airlines flight #3247, which was a return flight from Luis Munoz Marin International Airport in San Juan, Puerto Rico, to Philadelphia, Pennsylvania.

16. At approximately 10:00 AM on that date, Sondra, who suffers from Lyme Disease, requested wheelchair assistance due to an ankle flare up.

17. The wheelchair assistance was provided by PrimeFlight Aviation Services, Inc., the vendor contracted by Frontier to assist passengers with mobility needs.

18. Sondra met her wheelchair attendant at the waiting area for Frontier.

19. This employee took Sondra on the wheelchair through security and later to the gate.

20. While being assisted to the jetway, Sondra felt a big bump under the wheelchair, which startled her.

21. The wheelchair's front wheels caught on an expansion joint (metal plate) on the floor of the jet bridge.

3

22. Upon encountering the expansion joint, the wheelchair attendant pulled the wheelchair back (reversing direction) and then applied excessive force to push the chair forward again.

23. The wheelchair attendant did not turn the wheelchair around in order to wheel her in reverse over the bump, but rather forced Sondra and the wheelchair over it.

24. This sudden and forceful movement caused the wheelchair to tip over, causing Sondra to be thrown off the wheelchair.

25. As a result of being thrown off the wheelchair, Sondra hit the wall of the jetway and then fell onto the floor, suffering injuries to her right arm, shoulder and right side of body.

26. The wheelchair landed on top of Sondra, further injuring her.

27. She also experienced significant pain in her head and face.

28. Sondra asked for help as she was on the floor.

29. Her family was not allowed to board with her, so she was alone at the time of the incident, as the rest of her group was still at the gate.

30. The paramedics arrived to assist Sondra and placed her on a different wheelchair.

31. Her travel companions arrived and took photographs of the scene.

32. Sondra was offered to be taken to a Hospital in Puerto Rico, but she declined, stating she would visit a hospital once she arrived at Philadelphia.

33. Mrs. Brewer provided an account of the incident to a Frontier employee before boarding the flight to Philadelphia.

34. Upon arriving in Philadelphia later that day on April 18th, 2025, Sondra was picked up by her husband, Charles, and driven to Paoli Hospital in Pennsylvania.

35. At Paoli Hospital, X-rays were taken,

36. After the Hospital visit, Sondra's condition worsened, leading to increased pain and decreased mobility.

37. Sondra sought further medical advice from her family doctor, Dr. Beth Ann Bingaman, who referred her for additional diagnostic imaging, including CT scans, X-rays, and an MRI.

38. The CT scans, X-rays, and MRI confirmed significant injuries to Sondra's right shoulder, including a full thickness tear of the right rotator cuff, as well as lumbar radiculopathy.

39. Sondra was unable to raise her right arm from her side, and suffers from swollen wrists, shoulders, and ongoing lower back pain.

40. Her orthopedic surgeon recommended she address the rotator cuff injury first and then the back injury.

41. As a result of the fall and the ensuing injuries, Sondra has been forced to undergo multiple treatments, including arthroscopic reconstruction of the right rotator cuff surgery on January 3rd, 2025.

42. Sondra has also been receiving physical therapy three times a week post-surgery, which has been both painful and time-consuming.

43. Sondra's back injury and related nerve pain are ongoing, and she is currently receiving therapy three times a week to treat it.

44. Following these injuries, Sondra has also suffered from severe headache episodes, which have further compounded her physical suffering and daily difficulties.

45. A claim was filed with Frontier for Mrs. Brewer's injuries which was assigned claim number 9183900166US.

46. Previous to these injuries, Mrs. Brewer had been a primary caregiver for her brother and has been unable to provide the same level of care to her brother that she did before these injuries.

47. Prior to these injuries, Sondra was fully capable of caring for and playing with her grandchildren, but now she is unable to engage in these activities as she once did.

48. In addition to her inability to care for others, Sondra now faces significant challenges in performing basic daily activities. She is unable to get dressed independently, cannot lift objects, and is unable to cook or complete house chores as she did before.

49. Sondra is now reliant on her husband, Charles, to assist with daily activities, including household chores and caring for their grandchildren.

## FIRST CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT PRIMEFLIGHT AVIATION SERVICES, INC. UNDER ARTICLES 1536 & 1540, 31 L.P.R.A §§ 10801, 10805

50. The allegations above are incorporated by reference as if again fully set forth herein.

51. Defendant **PRIMEFLIGHT AVIATION SERVICES, INC.,** through the negligent and/or culpable acts and/or omissions of its officers, employees, and/or agents, servants caused damage to plaintiff though fault or negligence in violation of 31 L.P.R.A. § 10801, 10805.

52. On or about April 18, 2024, **PRIMEFLIGHT AVIATION SERVICES, INC.,** its agents, servants, officers, and/or employees provided a gamut of passenger services at Luis Munoz Marin (LMM) International Airport in Isla Verde, Puerto Rico, including in-airport transportation services to passengers of Frontier Airlines with mobility needs.

6

53. At all times herein mentioned, and considering the nature of the services they provide to people with mobility needs, it was the duty of **PrimeFlight**, their agents, servants, officers and/or employees, to ensure passenger safety when being transported.

54. At all times herein mentioned, **PrimeFlight** had a duty to train and educate its employees as to appropriate ways of handling and transporting people with mobility needs.

55. **PrimeFlight** failed to train and educate its employees as to the appropriate ways of handling and transporting people with mobility needs in a wheelchair.

56. **PrimeFlight's** failure to properly train its employees, and its agents, servants, officers, and/or employees' negligent acts or omissions, caused significant injury to **Sondra Brewer**.

57. As a direct result of **PrimeFlight's** negligent acts or omissions, Plaintiff has suffered a rotator cuff tear and a lumbar radiculopathy, in addition to significant emotional pain and anguish.

58. As a direct result of the negligence of **PrimeFlight**, Plaintiff underwent reconstructive surgery on her right rotator cuff to address the injuries sustained from the fall.

59. Since the surgery, Sondra has been receiving physical therapy twice a week, which has been both painful and time-consuming.

60. As a direct result of **PrimeFligth's** agents, servants, officers, and/or employees' negligent acts or omissions, Sondra is no longer able to care for her brother as she once did.

61. As a direct result of PrimeFlight's negligent acts, Plaintiff is no longer able to care for or play with her grandchildren, which has caused significant emotional distress and a loss of enjoyment in her personal life.

62. Sondra's injuries have also resulted in her inability to perform daily tasks independently,

such as getting dressed, cooking, or completing household chores.

63. As a direct result of her injuries, Sondra is now reliant on her husband, Charles, for assistance with basic activities of daily living, including housework, personal care, and caring for their grandchildren, further diminishing her quality of life and independence.

64. As a direct result of **PrimeFlight's** agents, servants, officers, and/or employees' negligent acts or omissions, Plaintiff has continued to experience physical pain, emotional distress, and limited mobility in her right arm.

**SECOND CAUSE OF ACTION –NEGLIGENCE OF DEFENDANT FRONTIER AIRLINES, INC.; UNDER ARTICLES 1536 & 1540, 31 L.P.R.A §§ 10801, 10805**

66. The allegations above are incorporated by reference as if again fully set forth herein.

67. Co-defendant **FRONTIER AIRLINES INC.;** is a corporation that operates as an airline and provides air travel services to the public. As part of its operations, **FRONTIER AIRLINES INC.;** is responsible for providing, coordinating, and overseeing all aspects of passenger care, including the provision of assistance for passengers with mobility needs.

68. Defendant **PRIMEFLIGHT AVIATION SERVICES, INC.,** is an independent contractor and service provider engaged by **FRONTIER AIRLINES INC.;** to provide various passenger assistance services, including, but not limited to, handling and assisting passengers with mobility devices such as wheelchairs at the airport.

69. At all times relevant to this action, **FRONTIER AIRLINES, INC.**, and **PRIMEFLIGHT AVIATION SERVICES, INC.,** had a contractual relationship, whereby employees of **PRIMEFLIGHT AVIATION SERVICES, INC.,** assisted **FRONTIER AIRLINES, INC.**'s passengers with mobility needs. As such,

8

**FRONTIER AIRLINES, INC.,** was responsible for ensuring that **PRIMEFLIGHT AVIATION SERVICES, INC.,** employees adhere to all appropriate safety standards, procedures, and protocols while performing their duties.

70. On or about April 18, 2024, Plaintiff **Sondra,** a passenger of **FRONTIER AIRLINES, INC**., requested assistance for mobility due to the swelling of her ankles caused by her Lyme Disease. In response, **FRONTIER AIRLINES, INC.** arranged for assistance from **PRIMEFLIGHT AVIATION SERVICES, INC.,** employees, who provided a wheelchair for the Plaintiff and were tasked with safely transporting her through the airport.

71. At all times relevant herein, the **PRIMEFLIGHT AVIATION SERVICES, INC.,** employee, who assisted Plaintiff **Sondra** was acting within the scope of their employment or agency relationship with **PRIMEFLIGHT AVIATION SERVICES, INC.,** and, by extension, under the authority and control of **FRONTIER AIRLINES, INC**., as their employer and contracting entity.

72. The **PRIMEFLIGHT AVIATION SERVICES, INC.** employee was negligent in performing their duties, specifically by engaging in careless or reckless conduct by neglecting proper protocols to ensure the Plaintiff's safe transportation through the airport.

73. As a direct and proximate result of the **PRIMEFLIGHT AVIATION SERVICES, INC.,** agents, servants, officers, and/or employees' negligence, which were contracted by **FRONTIER AIRLINES, INC.,** Plaintiff **Sondra** suffered a fall or was otherwise injured while being transported in the wheelchair.

74. As a direct result of **PRIMEFLIGHT AVIATION SERVICES, INC.** agents, servants,

9

officers, and/or employees' negligent acts or omissions, Sondra suffered multiple injuries including a rotator cuff tear on her right shoulder and a lumbar radiculopathy.

75. As a direct result of **FRONTIER AIRLINES, INC.**, agents, servants, officers, and/or employees' negligent acts or omissions, Sondra had to visit the emergency room in Pennsylvania and receive further medical treatment causing her mental and emotional strain.

76. As a direct result of **FRONTIER AIRLINES, INC.,** agents, servants, officers, and/or employees' negligent acts or omissions, Sondra had to undergo an arthroscopic reconstruction surgery of the right rotator cuff, therapy, and months of recovery.

77. As a direct result of **FRONTIER AIRLINES, INC.,** agents, servants, officers, and/or employees' negligent acts or omissions, Sondra is no longer able to care for her brother as she once did.

78. As a direct result of the negligence of **FRONTIER AIRLINES, INC**. and its agents, Sondra is unable to take care of herself, including performing basic daily activities such as getting dressed, cooking, and maintaining personal hygiene.

79. Since Sondra is no longer able to take care of herself, she is now forced to rely on her husband, Charles, for assistance with daily activities, which significantly impacts her independence and quality of life.

80. Due to her injuries, Sondra is no longer able to engage in activities she previously enjoyed, such as playing with and caring for her grandchildren, which has caused her emotional distress and a significant loss of enjoyment in her life.

81. As a direct result of **FRONTIER AIRLINES, INC.,** agents, servants, officers, and/or employees' negligent acts or omissions, Sondra continues experiencing pain and

suffering as described above.

82. Defendant **FRONTIER AIRLINES, INC.** is liable for the negligent acts of **PRIMEFLIGHT AVIATION SERVICES, INC.,** as **PRIMEFLIGHT AVIATION SERVICES, INC.,** was acting as its agent and in furtherance of the services provided to **FRONTIER AIRLINES, INC** as part of the airline's contractual relationship with the service provider.

83. Furthermore, **FRONTIER AIRLINES, INC.,** is liable for its own negligence in failing to ensure proper supervision, training, and monitoring of **PRIMEFLIGHT AVIATION SERVICES, INC.,** employees to ensure they adhered to safe practices while assisting passengers with mobility needs. **FRONTIER AIRLINES, INC**. had the duty to ensure that PRIME employees were properly trained and competent to perform such tasks safely.

## THIRD CAUSE OF ACTION – NEGLIGENCE OF DOES I-X UNDER 31 LPRA §5141 AND 5142

84. The factual allegations detailed above are restated herein in full.

85. Defendants **DOES I-X** are generically named for lack of knowledge of their identity at this point.

86. Defendants **DOES I-X** caused damages to Plaintiffs through fault or negligence in violation of 31 L.P.R.A. §5141 or 31 L.P.R.A. §5142 via their employees, agents, or assignees.

87. Defendants **DOES I-X,** either personally or through their agents, servants, officers, and/or employees, failed to provide a safe passenger transportation services at Luis Munoz Marin International Airport.

88. Defendants **DOES I-X**, negligent acts or omissions caused **SONDRA BREWER** suffered a torn rotator cuff and as a result she had to undergo reconstructive surgery.

89. As a direct result of the negligent acts and/or omissions of Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, **SONDRA BREWER** experienced a fall and suffered serious physical injuries as well as mental and emotional pain and suffering and economic damages.

90. As a direct result of the negligent acts and/or omissions of Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, Sondra required physical therapy.

91. Therefore, Defendants **DOES I-X** are jointly and severally liable for the damages caused to Plaintiffs.

## FOURTH CAUSE OF ACTION – NEGLIGENCE OF AMERICAN INTERNATIONAL GROUP, INC.

92. The factual allegations detailed above are restated herein in full.

93. The insurance companies of any named or unnamed defendants, **AMERICAN INTERNATIONAL GROUP, INC**, is directly liable for the fault or negligence of their insured/s pursuant to 26 L.P.R.A. § 2001.

94. Pursuant to 26 L.P.R.A. § 2003, an action against an insurer may be brought separately or may be joined with an action against the insured.

## FIFTH CAUSE OF ACTION – NEGLIGENCE OF A, B, and C INSURANCE COMPANIES

95. The factual allegations detailed above are restated herein in full.

96. The insurance companies of any named or unnamed defendants, the A, B, and C Insurance Companies, are directly liable for the fault or negligence of their insured/s pursuant to 26 L.P.R.A. § 2001.

97. Pursuant to 26 L.P.R.A. § 2003, an action against an insurer may be brought separately or may be joined with an action against the insured.

## DAMAGES

**Sondra Brewer**

98. The allegations contained above are incorporated by reference as if again fully set forth herein.

99. As a result of the negligent acts, omissions, and/or misrepresentations of Defendants, **Sondra Brewer** has suffered substantial physical, emotional, and mental damages.

100. As a direct result of Defendants' negligence, **Sondra Brewer** suffered injuries to her head, right shoulder and lower back.

101. As a direct result of Defendants' negligence, **Sondra Brewer** sustained a rotator cuff tear and a herniated lumbar disc, requiring surgery and extensive rehabilitation.

102. As a result of the Defendants' negligent acts, **Sondra Brewer** continues to experience severe pain, limited range of motion, and physical disability.

103. As a result of the Defendants' negligent acts, **Sondra Brewer** has endured significant emotional distress, including anxiety and frustration over her inability to perform basic tasks like dressing, cooking, and lifting objects.

104. As a result of the Defendants' negligent acts, **Sondra Brewer** now relies on her husband, Charles, for daily assistance with tasks like dressing, cooking, and lifting, severely limiting her independence.

105. As a direct result of Defendants' actions, **Sondra Brewer** has experienced emotional distress, including anxiety and frustration over her prolonged recovery and financial strain.

106. As a direct result of the negligent acts, omissions, and/or misrepresentations of Defendants, **Sondra Brewer** has incurred significant economic damages.

107. **Sondra Brewer** has suffered out-of-pocket expenses for necessary medical treatments, including emergency care, diagnostic tests (such as MRIs), surgeries, and physical therapy, totaling no less than $25,309.42.

108. As a result of the delayed treatment caused by Defendants' actions, **Sondra Brewer** continues to face future medical expenses, including ongoing physical therapy, pain management, and potential additional surgeries, costs that continue to accrue.

109. As a result of these injuries, **Sondra Brewer** experiences a profound sense of loss for not being able to provide her brother with the same level of care she gave him before these injuries.

110. As a result of these injuries, Sondra has also suffered from severe headache episodes, which have further compounded her physical suffering and daily difficulties.

111. As a result of these injuries, **Sondra Brewer** can no longer play with or care for her grandchildren as she used to, which has caused her significant emotional distress.

112. As a result of all these injuries, Sondra Brewer has suffered damages reasonably estimated at no less that $1,000,000.

**Charles Brewer**

113. Charles Brewer, due to the physical and emotional damages caused by the Defendants to his wife, **Sondra Brewer**, has suffered the loss of consortium, as he has had to endure the pain of watching his wife undergo surgery and struggle with recovery from her severe injuries.

114. Charles had to watch his wife endure extreme pain, discomfort, and delays in care due to the medical situation. He had to assist her through unfamiliar healthcare services, which added to the emotional and physical burden.

115. Charles had to come out of retirement and return to work to be able to obtain decent medical insurance that would cover part of the injuries Sondra suffered due to this incident.

116. The cost of medical expenses, emergency transportation, and other necessary expenses significantly impacted their finances.

117. As a result of the negligent acts, omissions, and/or misrepresentations of Defendants, Charles Brewer and **Sondra Brewer** have incurred economic damages, including out-of-pocket expenses such as travel, medical costs, and emergency services, amounting to no less than **$25,309.42**

118. As a direct result of Defendants' negligence, Charles Brewer has endured emotional pain and suffering due to the condition and treatment of his wife, **Sondra Brewer**, with a reasonable value of no less than **$500,000.**

**TRIAL BY JURY DEMANDED**

119. Plaintiffs hereby demands trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of no less than **$1,525,309.42** plus costs incurred, reasonable attorneys' fees, and such other and further relief as to this Honorable Court may seem just and proper under the law.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 4th day of April 2025.

        **Counsel for Plaintiffs:**
        INDIANO & WILLIAMS, P.S.C.
        207 del Parque Street; 3rd Floor
        San Juan, Puerto Rico 00912
        Tel.: (787) 641-4545 / Fax (787) 641-4544

        david.indiano@indianowilliams.com
        DAVID C. INDIANO
        USDC PR. Bar. No. 200601